UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-03028 JAK (AFMx) | Date | April 29, 2020 |
| Title | Unicorn Global, Inc. et al v. Hillo America, Inc. | | |

| | | |
|---|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
| Cheryl Wynn | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION TO DISMISS CASE AND MOTION TO REMAND CASE TO SUPERIOR COURT (DKT. 63)**

**I.     Introduction**

Unicorn Global, Inc., Hangzhou Chic Intelligent Technology Co., Ltd., and Shenzhen Uni-Sun Electronic Co., Ltd. ("Plaintiffs") brought this action against Hillo America, Inc. ("Defendant" or "HAI") claiming infringement of two United States utility patents and two United States design patents. Complaint, Dkt. 1 ¶ 2.

HAI has moved to dismiss the claims on three grounds: the failure to join a necessary party as required by Fed. R. Civ. P. 19; Plaintiffs do not have standing; and there is no federal subject matter jurisdiction over the claims. *See* "Motion," Dkt. 63. In the alternative it seeks to have the action "remanded" to the Superior Court, although the action was not filed there. *Id.* Plaintiffs filed an opposition to the Motion. Dkt. 67. HAI filed a reply.[1]  Dkt. 75.

This matter is one that is deemed suitable for a decision without a hearing pursuant to L.R. 7-15 and the Chief Judge's Order 20-05. *See* Dkt. 77. For the reasons stated in this Order, the Motion is **DENIED**.

**II.     Background**

The Complaint alleges that Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic" or "Hangzhou Chic") is "the owner by assignment of all rights, title, and interest in and under" the asserted patents in this case. Complaint, Dkt. 1 ¶ 2. The Complaint then alleges that Shenzen Uni-Sun Electronic Co., Ltd. ("Uni-Sun") has been "granted . . . an exclusive license to the Asserted Patents under a written Patent License Agreement dated October 16, 2018." *Id.* ¶ 9. The Complaint adds that, "[p]ursuant to the Patent License Agreement, Chic and Uni-Sun have assigned enforcement rights to [Unicorn Global, Inc.

---

[1] HAI originally filed a reply that was overlength. Dkt. 71. The original reply was stricken and HAI was directed to file a reply that complied with the page limits of this Court's Standing Order. Dkt. 74. HAI subsequently did so. Dkt. 75.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03028 JAK (AFMx) | Date | April 29, 2020 |
|---|---|---|---|
| Title | Unicorn Global, Inc. et al v. Hillo America, Inc. | | |

('Unicorn' or 'Unicorn Global')]." *Id.* Plaintiffs refer to Unicorn as a "related entity with the contractual obligation to protect Chic and Uni-Sun's patent rights in the U.S." Dkt. 67 at 3.

Haining Qike Intelligent Technology Co., Ltd. ("Qike" or "Haining Qike") is a wholly owned subsidiary of Chic.. *See* Dkt. 63 at 2; *see also* Dkt. 67 at 2. Plaintiffs agree that "Haining Qike sold 2,150 hoverboard units to HAI in 2017." Dkt. 67 at 3. Attached to the Motion are copies of the purchase orders for the 2017 hoverboard sales. Dkt. 63-1 at ECF21-22, ECF24-25.

Also attached to the Motion is a declaration from Feifeng Li, the CEO of Yongkang Dingchang Industry & Trade Co., Ltd. ("Yongkang Dingchang"). "Li Decl.," Dkt. 63-3 at ECF2-8. The Li Declaration states that HAI is Yongkang Dingchang's distributor. *Id.* ¶ 3. The Li Declaration also states that Hangzhou Chic "entered into and signed a series of its hoverboard patents license contracts with Yongkang Dingchang . . . authorizing and licensing [Yongkang Dingchang] *and* [HAI] to sell . . . hoverboard products." *Id.* (emphasis added). Attached to the Li Declaration are several documents that are proffered to seek to show that Chic entered into agreements with Yongkang Dingchang with respect to the sale of electric balance hoverboard/scooter products. *See* Dkt. 63-3 at ECF17-45, ECF51-ECF73, ECF77-ECF81; *see also* Dkt. 63 at 2. The attached documents also include correspondence with amazon.com. in which a representative for Chic stated its understanding that HAI was authorized and licensed to sell its hoverboard products manufactured by Yongkang Dingchang and to use Chic's patented technology with respect to these products through at least April 30, 2019. Dkt. 63-3 at ECF10, ECF16; *see also* Dkt. 63 at 4.

HAI argues that Haining Qike is a necessary party to this action because it sold hoverboards to HAI in 2017. Dkt. 63 at 15:2-5, 16:9-12. However, HAI also argues that Haining Qike cannot be joined to this action because it is a Chinese company over which there is no personal jurisdiction in this District. *Id.* at 16:22-28. Consequently, HAI argues that this action should be dismissed under Fed. R. Civ. P. 12(b)(7) and 19. *Id.* at 17:1-18:6. HAI argues in the alternative that this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). The basis for this position is that Uni-Sun and Unicorn do not have exclusionary rights in the asserted patents and, for that reason, do not have Article III standing to bring claims for their infringement. *Id.* at 20:9-21:14. Finally, HAI argues that this action presents a state law contract dispute that can be decided without reliance on federal patent law. On that basis, it argues that this action should either be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or "remanded" to an appropriate Superior Court. *Id.* at 23:10-25:12.

**III.    Analysis**

    **A.    Legal Standards**

        1.    Fed. R. Civ. P. 12(b)(1)

A party may contest subject matter jurisdiction over a claim through a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Because federal courts have limited jurisdiction, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03028 JAK (AFMx) | Date | April 29, 2020 |
|---|---|---|---|
| Title | Unicorn Global, Inc. et al v. Hillo America, Inc. | | |

A Rule 12(b)(1) challenge to subject matter jurisdiction may be brought based on either the face of the pleadings or extrinsic evidence. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual."). In the former, the moving party asserts that the allegations of a complaint are insufficient to establish federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Courts must accept the allegations of the complaint as true in considering such a challenge, *i.e.*, facial attacks are reviewed under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. If a factual challenge is made, the district court may "review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.*

      2.      <u>Fed. R. Civ. P. 12(b)(7)</u>

A party may move to dismiss an action for failure to join a necessary and indispensable party, as those terms are defined by Rule 19. *See* Fed. R. Civ. P. 12(b)(7). The moving party bears the burden of persuasion on this issue. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

The Ninth Circuit has set forth a three-step inquiry to determine whether a case should be dismissed pursuant to Rule 12(b)(7). *E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 779-80 (9th Cir. 2005). *First*, the district court determines "whether an absent party is necessary to the action" under the factors set forth by Rule 19(a). *Dawavendewa*, 276 F.3d at 1154-55. This factor requires considering whether the court can "accord complete relief among existing parties" without the absent party, or whether the absent party has a legally protected interest in the action. *See Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843, 852 (9th Cir. 2019). *Second*, if an absent party is necessary under Rule 19(a), the district court then determines whether it is feasible to order that the absent, necessary party be joined in the action. *Peabody Western Coal Co*, 400 F.3d at 779. *Third*, if joinder of the absentee party is necessary, but not feasible, the district court must consider the Rule 19(b) factors in determining whether the case should proceed. In balancing these factors, the district court must decide "whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Id.*

      **B.**      **Application**

HAI does not challenge the allegations that Chic is the owner of the asserted patents. Instead, as noted, it argues that: (i) Haining Qike is a necessary party; (ii) Uni-Sun and Unicorn are not proper plaintiffs; and (iii) the action presents a dispute that can be resolved under state contract law, making it inappropriate to exercise federal subject matter jurisdiction.

      1.      <u>Haining Qike</u>

After reciting the legal authority governing Rule 12(b)(7) motions, HAI provides a single sentence in its brief to support its position that Haining Qike is a necessary party to this action. It is as follows: "In the instant case, [Haining Qike] is the Seller in the *Sales Contract* between [Chic], Haining Qike . . . and [HAI]; *therefore*, it should be a necessary and indispensable party under Rule 19(a)." Dkt. 63 at 16 (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03028 JAK (AFMx) | Date | April 29, 2020 |
|---|---|---|---|
| Title | Unicorn Global, Inc. et al v. Hillo America, Inc. | | |

HAI presents no evidence that Haining Qike has exclusionary rights in the asserted patents. As HAI acknowledges, a party without exclusionary rights lacks standing to sue for patent infringement. *See* Dkt. 63 at 20-21; *see also, e.g. Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225 (Fed. Cir. 2019) ("[w]e have recognized three categories of plaintiffs in patent infringement cases. First, a patentee, *i.e.* one with 'all rights or all substantial rights' in a patent, can sue in its own name. Second, a licensee with 'exclusionary rights' can sue along with the patentee. And, finally, a licensee who lacks exclusionary rights has no authority to assert a patent (even along with the patentee).") Although the parties agree that Haining Qike is a wholly owned subsidiary of Chic, that does not resolve whether Haining Qike has been granted exclusionary rights in the asserted patents. A sales contract for a set number of hoverboard products does not provide sufficient evidence of any such exclusionary rights.

HAI does not otherwise explain how the sales contract between Haining Qike and HAI in 2017 for a set number of hoverboards shows that Haining Qike has a legally protected interest in the present action for patent infringement. Nor does HAI explain why complete relief cannot be accorded among the existing parties, where the Complaint seeks a determination as to whether HAI has infringed the asserted patents, as well as corresponding remedies. As Plaintiffs note, "[e]ven if HAI could establish that it had an implied license to re-sell the small number of units it bought from Haining Qike, that is an affirmative defense; it does not make Haining Qike a necessary party." Dkt. 67 at 10.

Because HAI has not presented a sufficient basis for its position that Haining Qike is a necessary party, the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) is **DENIED**.

      2.      <u>Uni-Sun and Unicorn</u>

HAI argues that, because Uni-Sun and Unicorn do not have exclusionary rights in the asserted patents, they do not have Article III standing to sue for infringement. HAI notes that the Complaint refers to the asserted patents as "*currently* licensed to Uni-Sun." Dkt. 63 at 20 (emphasis in original). HAI states, "[t]his right to use *currently* by the licensee . . . , or the right of an enforcement agent (Unicorn Global), is *not* an exclusive right." *Id.* (emphasis in original). HAI also argues that Uni-Sun's rights are "significantly encumbered" and that it does not have "substantial rights" to the asserted patents. *Id.* HAI concludes by stating, "[b]ecause Shenzhen Uni-Sun and Unicorn Global do not have a proprietary interest in the patents, they do not suffer any injury in fact fairly traceable to infringement of the patents . . . . [T]hey cannot even be a co-plaintiff in an infringement action under Hangzhou Chic's patents." *Id.* at 21.

HAI does not cite extrinsic evidence, *e.g.* the license agreement between Plaintiffs, in presenting its arguments. Instead, it relies on the allegations in the Complaint. This is a facial challenge as to subject matter jurisdiction under Rule 12(b)(1). Therefore, for purposes on the present motion, the allegations of the Complaint be accepted as true. HAI's challenge must be viewed under the same standard that applies to a motion brought pursuant to Fed. R. Civ. P.12(b)(6). *See Leite*, 749 F.3d at 1121.

HAI challenges the Article III standing of Uni-Sun and Unicorn under Feed. R. Civ. P. 12(b)(1). It does not address the issue of statutory standing (*i.e.* "prudential standing"), which is properly challenged under a motion brought pursuant to Fed. R. Civ. P. 12(b)(6). *See Lone Star*, 925 F.3d at 1235-36 ("following [*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)],

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03028 JAK (AFMx) | Date | April 29, 2020 |
|---|---|---|---|
| Title | Unicorn Global, Inc. et al v. Hillo America, Inc. | | |

several courts have concluded that motions to dismiss based on 'statutory standing' defects are properly brought under Rule 12(b)(6) rather than Rule 12(b)(1) in recognition of the fact that such defects are not jurisdictional . . . . We therefore firmly bring ourselves into accord with *Lexmark* and our sister circuits by concluding that whether a party possesses all substantial rights in a patent does not implicate standing or subject-matter jurisdiction."). In a facial attack to Article III constitutional standing, the critical question is whether the Complaint alleges that Uni-Sun and Unicorn have exclusionary rights in a patent, even if they may not possess "all rights or all substantial rights." *See Lone Star*, 925 F.3d at 1234 (citing *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264 (Fed. Circ. 2010)); *see also Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007).

The Complaint alleges that, "[t]he Asserted Patents are currently licensed to Uni-Sun on an exclusive basis with Unicorn as its authorized enforcement agent." Complaint, Dkt. 1 ¶ 3. It then alleges:

> Chic granted Uni-Sun an exclusive license to [the] Asserted Patents under a written Patent License Agreement dated October 16, 2018 (the "Patent License Agreement"). Pursuant to the Patent License Agreement, Chic and Uni-Sun have assigned enforcement rights to Unicorn. Collectively, Plaintiffs have standing to sue for all past, present, and future infringement of the Asserted Patents.

*Id.* ¶ 9.

The Complaint specifically alleges that Uni-Sun has an exclusive license to the asserted patents. *See id.* At the pleading stage, accepting this allegation as true, it is sufficient to conclude that Uni-Sun has standing to sue as a co-Plaintiff with Chic, which owns the patent. *See, e.g. Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225 (Fed. Cir. 2019) ("a licensee with 'exclusionary rights' can sue along with the patentee.").

The Complaint next alleges that "Chic and Uni-Sun have assigned enforcement rights" to Unicorn. *See id.* These allegations create the reasonable inference that Unicorn was assigned all of the enforcement rights of Chic and Uni-Sun. This supports the inference that the Patent License Agreement purported to give Unicorn exclusive enforcement rights. The exclusive right to enforce a patent is a critical one. *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1350 (Fed. Cir. 2016) ("Because one purpose of the joinder requirement is to protect the alleged infringer from multiple lawsuits, the transfer of the right to sue for infringement is critical."); *Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.,* 604 F.3d 1354, 1361 (Fed. Cir. 2010) (the right to sue is frequently "the most important consideration"); *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1342 (Fed. Cir. 2006) (the right to sue is "[a] key factor").

Therefore, interpreting the allegations in the Complaint in a manner that is most favorable to Plaintiffs, they are sufficient to support the conclusion, at the pleading stage, that Uni-Sun and Unicorn have standing to sue for infringement of the asserted patents as co-plaintiffs with Chic.

For these reasons, HAI's motion pursuant to Fed. R. Civ. P. 12(b)(1) is **DENIED**.

       3.     <u>Subject Matter Jurisdiction Based on Nature of Suit</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03028 JAK (AFMx) | Date | April 29, 2020 |
|---|---|---|---|
| Title | Unicorn Global, Inc. et al v. Hillo America, Inc. | | |

HAI argues that there is no subject matter jurisdiction over this action because "[t]he instant case is a state law contract case instead of a federal question jurisdiction matter." Dkt. 63 at 23. To support its position that dismissal or "remand" is appropriate, HAI cites cases in which complaints presented state law causes of action that referred to federal statutes as a predicate. *See, e.g. id.* at 21 (citing *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) ("mere use of a federal statute as a predicate for a state law cause of action does *not* necessarily transform that cause of action into a federal claim."); *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("mere presence of a federal issue in a state cause of action does *not* automatically confer *federal-question jurisdiction*")).

HAI does not explain the basis for its conclusory assertion that this is a "state law contract case." The Complaint alleges claims for patent infringement. Patent infringement is a claim that arises under federal law. *See* 28 U.S.C. § 1338(a) ("district courts shall have original jurisdiction of any civil action arising under any Act of Congress *relating to patents*, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights." (emphasis added)). HAI has not shown that the allegations in the Complaint are somehow improper or that the underlying claims arise solely from a dispute under state contract law.

It appears HAI's arguments are based on the evidence it submitted as to both Qike's sales of hoverboards to HAI, and the licensing arrangements that may concern Chic, Yongkang Dingchang and HAI. However, HAI has not shown that this evidence converts the federal causes of action to state ones. *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1327 (Fed. Cir. 2002) ("Pixton's well-pleaded complaint expressly sets out an action for patent infringement. The issue is not ownership; this is an action for patent infringement in which the defendant has asserted the defense of license. Jurisdiction in the federal courts is not lost simply because the most efficient approach at trial may be to address the license defense first."). Plaintiffs also argue that,

> if HAI could establish proof that some of the accused units it sold in the past were properly authorized, reported, and marked, that is only an affirmative defense as to infringement by those units. It cannot relieve HAI of liability for other Accused Product units that were not properly authorized, reported, and marked—nor can it bar Plaintiffs from asserting infringement claims as to units that were not properly authorized, reported, or marked.

Dkt. 67 at 14.

These assertions are persuasive. HAI has not shown that the there is no subject matter jurisdiction simply because HAI may have evidence to support potential, affirmative defenses.

For these reasons, HAI's motion to dismiss under Fed. R. Civ.P. 12(b)(1) for lack of subject matter jurisdiction is **DENIED**.

        4.        <u>Objections to Wang Declaration</u>

Plaintiffs object to portions of the declaration of James Chengjia Wang, who is the President and CEO of HAI. It was submitted by HAI in support of its Motion. Dkt. 67 at 16-20; *see also* Dkt. 63-1 ("Wang

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03028 JAK (AFMx) | Date | April 29, 2020 |
|---|---|---|---|
| Title | Unicorn Global, Inc. et al v. Hillo America, Inc. | | |

Declaration"). Because it was not necessary to consider the Wang Declaration in resolving the Motion, Plaintiffs' objections are **DENIED AS MOOT**.

**IV.     Conclusion**

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

                                                                                  :
                                            Initials of Preparer    cw