# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICORN GLOBAL, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>HILLO AMERICA, INC. d/b/a HOVERHEART,<br><br>Defendant. | Case No. 2:19-cv-03028 JAK (AFMx)<br><br>**CONSENT JUDGMENT**<br><br>JS-6 |

# CONSENT JUDGMENT AND PERMANENT INJUNCTION

The parties have filed a "Joint Motion for Entry of Consent Judgment" that resolves this matter ("Joint Motion" (Dkt. 120)). The parties identified a hearing date of April 5, 2021 for the Joint Motion, but that date was not properly designated by them. However, in the interest of party and judicial efficiency it has been determined that the Joint Motion is appropriate for decision without oral argument and that a corrected hearing date is unnecessary. *See* Fed. R. Civ. P. 78; Local Rule 7-15.

Plaintiffs Unicorn Global, Inc. ("Unicorn"), Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic"), and Shenzhen Uni-Sun Electronic Co., Ltd. ("Uni-Sun") (collectively, "Plaintiffs") and Defendant HAI, stipulate and consent as follows:

**WHEREAS**, Plaintiffs are the owner or exclusive licensees of U.S. Patent Nos. 9,376,155, 9,452,802, D737,723, and D784,196 (the "Asserted Patents");

**WHEREAS**, Defendant has been accused of infringing the Asserted Patents by making, using, importing, offering to sell, or selling the Hoverheart and/or Hoverheart-branded products, including the Hoverheart HS450, Hoverheart LBW11, Hoverheart T580, Hoverheart HAI-K6, and Hoverheart LBW12 hoverboards;

**WHEREAS**, the parties desire to settle and amicably resolve their dispute to each party's satisfaction.  Each party represents that it has had a full opportunity to confer with counsel about this dispute and the terms of this Consent Judgment, and each party enters into this Consent Judgment without relying on any statements or

representations by the opposing parties or their attorneys.

Accordingly, it is **ORDERED AND ADJUDGED** that the Joint Motion for Entry of Consent Judgment is **GRANTED**, including as to the proposed findings of fact and conclusions of law stated in this Judgment.

Judgment is hereby entered in favor of the Plaintiffs and against the Defendant as follows:

1. The parties agree that HAI has failed to prove by clear and convincing evidence that U.S. Patent Nos. 9,376,155, 9,452,802, D737,723, and D784,196 (collectively, the "Asserted Patents") are invalid under 35 U.S.C. §§ 101, 102, 103, or 112 as asserted in its affirmative defenses and counterclaims; and Hai's following theories fail as a matter of law: (1) anticipation, (2) obviousness, (3) lack of eligible-subject matter, (4) lack of written description, (5) enablement, (6) indefiniteness, (7) public use or on sale bar, and (8) improper inventorship or derivation. Accordingly, no finding is warranted that the Asserted Patents are invalid as anticipated, obvious, for lack of eligible-subject matter, for lack of written description, enablement or indefiniteness under 35 U.S.C. §§ 101, 102, 103, or 112.

2. The parties further agree that HAI has failed to prove by clear and convincing evidence that U.S. Patent Nos. 9,376,155, 9,452,802, D737,723, and D784,196 are unenforceable due to inequitable conduct as asserted in its affirmative defenses.

3. The parties agree that the following products of Defendant Hillo

America, Inc. d/b/a Hoverheart infringe the following claims:

4. The Hillo Hoverheart HS450 hoverboard infringes Claims 1, 2, 3, 5, 6, 7, 8, 11, 13, 14, and 16 of U.S. Patent No. 9,376,155 and Claims 1, 2, 4, 5, 9, 11, 12, and 14 of U.S. Patent No. 9,452,802.

5. The Hillo Hoverheart LBW11 hoverboard infringes Claims 1, 2, 3, 4, 5, 6, 7, 8, 11, 13, and 16 of US Patent No. 9,376,155 and Claims 1, 2, 3, 4, 5, 6, 9, 11, and 14 of U.S. Patent No. 9,452,802.

6. The Hillo Hoverheart T580 hoverboard infringes Claims 1, 2, 3, 4, 7, 8, 11, 12, 14, and 16 of U.S. Patent No. 9,376,155.

7. The Hillo Hoverheart LBW12 hoverboard infringes Claims 1, 2, 3, 4, 5, 6, 7, 8, 11, 13, 14, and 16 of U.S. Patent No. 9,376,155, Claims 1, 2, 3, 4, 5, 6, 9, 11, 12 and 14 of U.S. Patent No. 9,452,802 and the one Claim of U.S. Patent No. D737,723.

8. The Hillo Hoverheart HAI-K6 hoverboard infringes Claims 1, 2, 3, 4, 5, 6, 7, 8, 11, 13, 14, and 16 of U.S. Patent No. 9,376,155, Claims 1, 2, 3, 4, 5, 6, 9, 11, 12, and 14 of U.S. Patent No. 9,452,802 and the one Claim of U.S. Patent No. D784,196.

9. The parties agree that damages in the amount of $3,000,000 ("Damages Award") should be awarded and are hereby awarded to Plaintiffs against Defendant pursuant 35 U.S.C. § 284 for past infringement of the Asserted Patents. Defendant shall satisfy the Damages Award on or before March 1, 2022.

10. Pursuant to the parties' agreement, Defendant and its officers, agents, servants, and employees, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from intentionally and/or knowingly manufacturing or causing to be manufactured, importing, advertising, promoting, distributing, selling or offering to sell any infringing products unauthorized by Plaintiffs.

11. Civil Code Section 1542 Waiver. The parties, on behalf of themselves and their heirs, agents, representatives, successors, and assigns, hereby waive any and all rights that they may have pursuant to California Civil Code section 1542, which reads as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The parties waive any rights that they might have to invoke section 1542 now or in the future with respect to the releases set out in this consent judgment. The parties also recognize and acknowledge that factors that have induced them to enter into this consent judgment may be different from what they had previously anticipated, and the parties expressly assume the risks of this waiver of Section 1542.

12. This Consent Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

13. Each party shall bear its own attorney's fees and costs.

14. This Court will retain continuing jurisdiction to enforce the terms of this Consent Judgment.

IT IS SO ORDERED.

Dated: March 31, 2021

_____
John A. Kronstadt
United States District Judge